## LATHAM v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 8, 1913. On Application
for Rehearing, January 20, 1914.)

### No. 2462.

1. CRIMINAL LAW (§ 595*)—RIGHT OF ACCUSED TO CONTINUANCE—DISCRETION
OF COURT.

The denial of a motion for continuance in a criminal case, based on the
absence of a witness whose testimony, as stated in the affidavit, would not
bear directly on the question of defendant's guilt but could be used only
contingently to contradict expected testimony for the prosecution, *held*
not an abuse of discretion.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 1323–
1327; Dec. Dig. § 595.*]

2. CRIMINAL LAW (§ 422*)—TRIAL—EVIDENCE.

The admission in evidence in a criminal trial of conversations between
a witness and an alleged confederate of defendant, as guarded by the in-
structions of the court, *held* not error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 984–988;
Dec. Dig. § 422.*]

3. PROSTITUTION (§ 4*)—WHITE SLAVE TRAFFIC ACT—PROSECUTION FOR VIOLA-
TION—EVIDENCE.

The admission of evidence in a prosecution under the White Slave
Traffic Act June 25, 1910, c. 395, 36 Stat. 825 (U. S. Comp. St. Supp. 1911,
p. 1343), *held* not error and the evidence not prejudicial to defendant if
not pertinent.

[Ed. Note.—For other cases, see Prostitution, Cent. Dig. § 4; Dec. Dig.
§ 4.*]

In Error to the District Court of the United States for the Eastern
District of Texas; Gordon Russell, Judge.

Criminal prosecution by the United States against Henry Latham.
Judgment of conviction, and defendant brings error. Affirmed. Ap-
plication for rehearing denied.

J. W. Ownby, U. S. Atty., and J. B. Dailey, Asst. U. S. Atty., both
of Paris, Tex.

Before PARDEE and SHELBY, Circuit Judges, and CALL, Dis-
trict Judge.

PARDEE, Circuit Judge. The plaintiff in error was indicted in the
court below for violation of the act of Congress approved June 25,
1910, commonly known as the "Mann White Slave Traffic Act."

The indictment contained four counts, each charging in slightly va-
riant terms that the plaintiff in error carried and persuaded, induced,
and enticed one Bessie Pettite, a girl of about the age of 15 years,
to be transported by railroad engaged in interstate commerce from
Grand Saline, in the state of Texas, to the city of New Orleans, state
of Louisiana, there to engage and be engaged in prostitution. Upon
arraignment and trial he was found guilty as charged in the indict-
ment, and thereupon was sentenced to five years' imprisonment in the
penitentiary. On and through his trial he was represented by counsel,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

who, after verdict, moved for a new trial and, failing in that, sued out and perfected writ of error to this court and procured the enlargement of the plaintiff in error upon bond pending the proceeding. It appears thereafter the plaintiff in error, upon his affidavit (whether therein assisted by counsel or not does not appear), obtained from the trial court an order under the act of Congress approved June 25, 1910, authorizing the further prosecution of the writ of error in forma pauperis. Thereupon the record was transmitted to this court in typewriting and has not been printed.

On the day set for hearing in this court, counsel, one of whom at least represented the plaintiff in error below, appeared and, suggesting to the court that they had just been employed to represent the plaintiff in error in this court, obtained a postponement of the hearing, with leave to withdraw the record and to file a brief in 10 days. Before the 10 days expired, counsel, on statement that plaintiff in error had failed to raise a sufficient sum of money to compensate them for services to be rendered, withdrew their appearance. The result is that we have not had the benefit of any presentation other than the assignments of error as to the contention of plaintiff in error on this writ. We have nevertheless given all possible consideration to the case and find that none of the assignments of error are well taken, and there is no reversible error patent on the face of the record; and, in addition, we have satisfied ourselves that the plaintiff in error had a fair trial and that the undisputed evidence in the case fully warranted his conviction.

Affirmed.

### On Application for Rehearing.

PER CURIAM. The application for rehearing assigns grounds as follows:

I. The court erred in holding that a continuance in the court below had been properly denied.

[1] The record shows that the application for a continuance was supported by an affidavit of the defendant which stated, among other things, what the defendant expected to prove by the said witness, and that the witness was really sick and her absence was not a procurement of plaintiff in error and was not made for delay. There was no showing that the same nor similar evidence could not have been obtained from other witnesses present. The proposed evidence of the absent witness as recited does not bear directly upon the commission of the offense charged, and it was largely admissible only upon the contingency that Bessie Pettite, the main witness for the government, should deny the alleged conversations as expected to be proved by the absent witness.

"It is well settled that the action of the trial court upon an application for a continuance is a matter of discretion not subject to review unless such discretion has been abused." Hardy v. U. S., 186 U. S. 224, 22 Sup. Ct. 889, 46 L. Ed. 1137, and cases there cited.

And clearly there was no abuse of discretion in this case.

[2] II. The court erred in holding that the testimony of Bessie Pettite, relative to the conversations had by her with John Northcott and

the acts and sayings of John Northcott, admitted over the objections of plaintiff in error, were not prejudicial to him.

The court below held, and this court found held correctly, that the testimony referred to was admissible under the authority of American Fur Co. v. United States, 2 Pet. 365, 7 L. Ed. 450, and Wiborg v. United States, 163 U. S. 657, 16 Sup. Ct. 1127, 1197, 41 L. Ed. 289. In this connection we notice that the trial court instructed the jury that if they believed beyond reasonable doubt that there was a common purpose and design upon the part of John Northcott and Henry Latham that the witness Bessie Pettite should be transported from Grand Saline, Tex., to New Orleans, La., over the line of a common carrier in interstate journey for the purpose of prostitution, then the statements made by Northcott to the witness Bessie Pettite, bearing upon the common purpose and design, would be admissible as evidence against the defendant Latham; but, if no such common purpose or design was shown, the evidence should not be considered by them against the defendant Latham. There can be no doubt that the rights of the defendant with regard to this evidence were fully protected.

[3] III. That this court erred in holding that the plaintiff in error was not injured when the trial judge permitted the question to Bessie Pettite, "Who got you pregnant?" to which the answer was, "John Northcott, I reckon." This evidence was admissible for the purpose of showing the motive and common design between John Northcott and Henry Latham, and in addition to that was admissible because the question was asked on redirect examination in relation to matters called out in the cross-examination of the witness Bessie Pettite. If the evidence was not pertinent, its admission was not prejudicial to the plaintiff in error.

The petition for rehearing is denied.